No. 12,935.

State of Louisiana vs. Samuel Robertson.

Syllabus.

A request by a jury to the Judge, communicated through a deputy sheriff, for information, and refusal of the Judge to communicate with the jury save in open court, the request and refusal having been made in the presence of the accused while the court was in session and the jury deliberating in the jury room, do not invalidate the trial and verdict.

ON APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupré, J.*

*M. J. Cunningham,* Attorney General, and *R. Lee Garland,* District Attorney for Plaintiff, Appellee.

*John N. Ogden* for Defendant, Appellant.

Argued and submitted December 10, 1898.
Opinion handed down January 10, 1899.
Rehearing refused January 23, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant, convicted of manslaughter and sentenced to eight months' imprisonment in the penitentiary, has appealed.

He complains that while the jury were deliberating upon their verdict in the jury room, a private message was sent by one of the jurors, through the deputy sheriff in charge of the jury, to the judge of the court, and a private message was sent by the judge to the jury, through the deputy sheriff, and, immediately thereafter, the jury reached a verdict to the great prejudice and detriment of the accused.

The same complaint was urged by appellant in the District Court on a motion for a new trial. It was held by the court to be unfounded, and the application for a new trial was refused on the ground that the testimony showed that the "judge had refused to communicate with the jury."

The testimony taken on this motion, which is annexed to the bill of exceptions reserved by defendant, shows that while the jury were in their rooms deliberating as to their verdict, the deputy sheriff in attendance upon them was called to the door of the room by a rap from within. Answering the call, he was asked by one of the jurors (Mr. Haas) to submit to the judge "what could be the least sentence there could be in the case." That the deputy sheriff complied with the request, and he was told by the judge to tell them "he could give them no instructions on that point." That returning to the door of the.

jury room he gave the answer to Mr. Haas, who laughed and said "he knew it at the time."

That the whole of this occurred inside of the court room, while the court was in session.

The deputy sheriff testified that the judge on receiving the message told him, further, that "if they wanted further instructions they would have to come out, and Mr. Haas answered that 'it was not necessary." In answer to a question as to the tone in which the message was communicated to the judge and answered by him, whether the conversation was in a low tone, such as could not be overheard by the accused party or his counsel, the witness said that if their attention had been directed to himself and the judge, he thought either could have heard it.

The district judge testified that Mr. Cochran, the deputy sheriff, going up to him stated that "one of the jurors (Capt. Haas) desired to know the least penalty that could be inflicted upon the accused in the event of a conviction for manslaughter;" that he replied, "he could not answer that question; that he could have no communication while they were in the jury room;" that "Mr. Cochran went directly to the room where the jury were deliberating, and before he could determine whether he should call the jury in and ask them if they needed further instructions, or whether he should wait upon them for such a message, the bell tapped, announcing their readiness to announce a verdict."

Counsel for appellant disclaimed in open court, making any contention that any improper conversation took place at the door of the jury room between the juror Haas and the deputy sheriff.

In his brief, he says: "No matter whether there was injury or not (although we claim that there was), the time, manner and place, the low conversation between the sheriff and the judge, and the second conversation between the deputy sheriff and the juror took place all in a low tone, are sufficient to set aside the proceedings."

We are of a different opinion. The place was in the court of St. Landry, and the time an open session of court, while the conversation, instead of being a private message communicated in a low tone, as asserted, was an official message from the jury to the judge, and from the judge to the jury, conveyed in an ordinary tone of voice, through the official charged with the performance of duties of that character.

The court has been referred to the case of the State vs. Frisby, 19·

An. 143, as supporting the position contended for in this case by the defendant, but the present case differs from the former in the all important fact that the district judge refused, in the present case, to convey instructions of any kind to the jury, whereas, in the Frisby case, he did the very reverse.

We do not see in what way the district judge could have acted differently from what he did, and we see no ground for reversal. ,

It is unnecessary to pass upon the question whether the court erred in refusing to allow the juror R̃oss to testify as to the facts set up in the motion for a new trial, inasmuch as those facts were fully disclosed by the deputy sheriff and the judge as witnesses.

That witness' testimony, if admitted, would have only been cumulative.

The judgment appealed from must be, and is hereby affirmed.